Entered on Docket
December 21, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 18, 2015



_____
DENNIS MONTALI
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                ) Bankruptcy Case
                                     ) No. 14-30820DM
ALMA VERONICA VALLE,                 )
                                     ) Chapter 13
                    Debtor.          )
_____)

MEMORANDUM DECISION REGARDING COUNSEL'S FEE APPLICATION

On November 19, 2015, this court held a hearing on and took under advisement the fee application of Jason Honaker and William H. Hummel ("Counsel"), attorneys for debtor Alma Veronica Valle ("Debtor"). Counsel sought approval of fees in the amount of $19,763.00 ($6,600 of which has already been paid pursuant to this court's no-look guidelines set forth in the Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys)(the "Guidelines").[1] For the following reasons, the court will allow an additional $7,500 in fees, resulting in a total allowance of $14,100.00.

The services provided by Counsel are covered by the Guidelines, and the case is relatively straightforward. Approximately two weeks after the petition date, Debtor filed her

---

[1] Both Debtor and Counsel agreed to and signed the Guidelines. See Docket No. 8 at pages 30-33.

-1-

amended schedules identifying fifteen creditors.  Debtor's primary asset was her residence, which she valued at $480,000 and in which she claimed a $100,000 homestead exemption.  The consensual deed of trust liens secured approximately $460,000 in debt.  In addition, five judgment liens encumbered Debtor's residence.  Debtor filed one *unopposed* motion to avoid three of those judgment liens (securing approximately $15,000 in debt).  The court granted that combined motion and confirmed her unopposed plan within three months of the petition date.

Eight months after the petition date, the senior secured lender filed a motion for relief from stay, which Debtor opposed.  The court ultimately entered an order terminating the stay.  About five months later, Debtor filed a motion to sell the property free and clear of all judgment liens; the purchase price was $575,000.  She also filed a second *unopposed* combined motion to avoid the remaining two judicial liens.  The junior lender filed a limited opposition to the sale motion, indicating that it consented to the sale as long as its lien attached to the proceeds of the sale.  Following the hearing and the provision of an updated closing statement, the court approved the sale.

More than a year after the petition date (May 30, 2014) and the confirmation date (August 22, 2014), Debtor filed a motion to modify the confirmed plan.  The chapter 13 trustee objected, but withdrew the objection 17 days later, without necessitating any reply by Debtor.

In summary, Counsel provided the basic chapter 13 services ($4,000 under the Guidelines signed by Debtor), filed two unopposed section 522(f) motions to avoid judicial liens ($1,250),

-2-

Case: 14-30820    Doc# 69    Filed: 12/18/15    Entered: 12/21/15 11:37:08    Page 2 of 6

responded to one motion for relief from stay filed within one year of the petition date (which, under the Guidelines, is considered a basic case service), filed a motion to sell real property that required a hearing ($400), and filed an opposed motion to modify plan more than one year after the petition date ($400). Moreover, under the Guidelines, Counsel is entitled to additional fees as the case involved real property claims ($850) and vehicle loans ($500). If the Court allowed the fees in accordance with the Guidelines, Counsel would be entitled to only $7,400 in fees ($6,600 of which has been paid). The court, however, acknowledges that much of the activity relating to the motion for relief from stay occurred more than a year after the petition date, and thus believes that Counsel would be entitled to additional compensation ($700) for those services under the Guidelines. Therefore, under the Guidelines, Counsel would be entitled to $8,100 in compensation.

    Counsel, however, is requesting approval of fees in the amount of $19,763.00, more than double the amount that the Court would allow under the Guidelines. Unfortunately, neither the time records nor the narrative of the fee application satisfactorily explain and justify the excess fees sought by Counsel. This case does not appear to be particularly difficult or out of the ordinary. In particular, Counsel has not adequately set forth the necessity of and justification for the fees (exceeding $10,000) incurred in two vague categories: Communications and Meetings

-3-

Case: 14-30820  Doc# 69  Filed: 12/18/15  Entered: 12/21/15 11:37:08  Page 3 of 6

($5,859) and Document Reviews and Analysis ($4,426).[2]  An adequate description of the specific work performed and specific need for the communications or review is absent. In fact, Counsel acknowledges that "communications" and "reviews" related to specific projects are in the relevant project categories.  Yet the fees charged in these two vague categories (communications and review) constitute more than half of the compensation sought by Counsel.

In light of the foregoing, the court will allow only the amount permitted by the Guidelines ($8,100) plus an additional $6,000 to compensate for any difficult circumstances not reflected in the fee application.

Counsel should upload an order allowing total compensation in

---

[2]   B.  Communication and Meetings

You [sic] Applicant spent 17.5 hours communicating with the Debtor, creditors, the Debtor's agents, and the Trustee for this case.  The various filings, the sale of the home, the numerous inquiries by the Debtor and coordination between counsels [sic] necessitated a great deal of communication to attempt to resolve.  Communications related specifically to a motion are including [sic] under the categories for those motions for clarity.

    Total Hours: 17.5
    Total Fees: $5,859.00

              *    *    *

D.  Document Review and Analysis

Your Applicant spent 13 hours reviewing and analyzing the Debtor's documents and documents filed in the case.  This includes time spent reviewing the case and file in order to answer numerous inquiries by the Debtor's agents.

    Total Hours 13
    Total Fees: $4,426.00

-4-

the amount of $14,100 and disallowing the balance of its request ($5,663) for the reasons stated in this memorandum decision.

*** END OF MEMORANDUM DECISION ***

```
 1                        COURT SERVICE LIST
 2   Alma Veronica Valle
     76 Jennings Ct.
 3   San Francisco, CA 94124
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

-6-